```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
YU ZHANG,                                                        :
                                                                 :
                              Plaintiff,                         :
                                                                 :
              -against-                                          :    SUMMARY ORDER OF REMAND
                                                                 :
COSTCO WHOLESALE CORPORATION,                                    :    22-cv-7188(DLI)(MMH)
                                                                 :
                              Defendant.                         :
-----------------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

On February 10, 2022, Yu Zhang ("Plaintiff") filed a verified complaint in New York State Supreme Court, Richmond County ("state court"), alleging that she sustained injuries as a result of a fall in Defendant's premises due to Costco Wholesale Corporation's ("Defendant") negligence. *See,* Complaint ("Compl."), Dkt. Entry No. 1-2 ¶¶ 21-23. Plaintiff demands damages "in an amount exceeding the monetary jurisdictional limits of all lower courts." *Id*. at 8; *See also,* Notice ¶ 5. On November 28, 2022, Defendant removed the action to this Court, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See*, Notice of Removal ("Notice"), Dkt. Entry No. 1 at ¶ 6.

Defendant asserts that, when Defendant served Plaintiff with a "Demand for Statement of Damages" ("Demand"), Plaintiff's counsel refused to cap damages at $75,000, "[c]onsidering the extent of [P]laintiff's injuries." *Id.* ¶ 6; *See also*, Email from Plaintiff ("Email"), Dkt. Entry No. 1-1. Defendant also asserts that it is incorporated in and is a "company organized and existing under and by virtue of the laws" of the State of Washington. Notice ¶¶ 8-9. To date, Plaintiff has not moved for remand. For the reasons set forth below, the Court finds that it lacks subject matter jurisdiction and the case is remanded *sua sponte* to state court for further proceedings.

**DISCUSSION**

As a threshold matter, the Court must address if it may remand this case *sua sponte*, absent a motion from Plaintiff. The relevant statute, 28 U.S.C. § 1447(c), states in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

*Id.* The Circuit has construed this statute to authorize a district court, at any time, to remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction. *See*, *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133-34 (2d Cir. 2006) (citation omitted). The Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Hum. Aff. Int'l Inc.*, 28 F.3d 269, 274 (2d Cir. 1994).

Where, as here, a defendant seeks to remove a case based on diversity jurisdiction, the defendant bears the burden of establishing that the requirements of diversity jurisdiction have been met. *See, Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011). Pursuant to 28 U.S.C. § 1332(a), a removing party must establish that: (1) the amount in controversy exceeds the $75,000, exclusive of interest and costs; and (2) there is complete diversity of citizenship of the parties. *Id.* at 356. The Court finds that Defendant has not met its burden of establishing these jurisdictional requirements, warranting remand.

**I.      Amount in Controversy Requirement**

When invoking diversity jurisdiction, the removing party must establish "that it appears to a reasonable probability that the claim is in excess of [$75,000]," exclusive of interest and costs. *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts

2

adequate to establish that the amount in controversy exceeds the jurisdictional amount[,]" then the Court lacks diversity jurisdiction. *Lupo*, 28 F.3d at 273-74 (citation omitted).

Here, Defendant fails to meet its burden to show that the jurisdictional amount required for subject matter jurisdiction is satisfied. While alleging that the parties have attended state court conferences, which presumably would have provided Defendant with some assessment of the extent and scope of Plaintiff's damages, Defendant does not allege any facts supporting an amount in controversy in excess of $75,000, other than asserting that Plaintiff refused to cap damages at $75,000 in response to the Demand and referencing the damages clause in the Complaint. *See,* Notice ¶¶ 4-6; *See also,* Email.

Defendant's assertion that Plaintiff refused to cap damages at $75,000 is not determinative of the amount in controversy and is insufficient to establish the jurisdictional amount[.]" *Feliciano v. Target Corp.*, 2019 WL 2210739, at *2 (E.D.N.Y. May 21, 2019) (citing cases). The refusal to stipulate to damages does not lead necessarily to the reasonable inference that the jurisdictional amount is met. *See, Ramos v. Golden Touch Transportation of New York Inc.*, 2022 WL 4551567, at *3 (E.D.N.Y. Sept. 29, 2022); *CG by Georges v. Target Corp.*, 2022 WL 15497124, at *2 (E.D.N.Y. Oct. 27, 2022). Plaintiff's refusal to cap her damages at $75,000 does not compel the conclusion that the actual amount in controversy will reach or exceed that amount and Plaintiff's explanation for her refusal to cap her damages, *i.e.*, "the extent of [her] injuries," is insufficient to establish the jurisdictional amount. *See*, Email.

Moreover, Defendant's citation to Plaintiff's allegation that damages "exceeds [sic] the amounts recoverable in the lower courts of the City and State of New York" also is insufficient to establish jurisdictional amount. Notice ¶ 5. "This mention of the 'lower courts' is a reference to the lower civil courts of New York, which may not entertain actions seeking to recover more than

3

$25,000, and not a reference to the federal district courts." *Wright v. JB Hunt Transp. Inc.*, 2019 WL 1936725, at *2 (E.D.N.Y. May 1, 2019) (citation omitted). Plaintiff's decision to file her case in the state court where recovery sought must exceed $25,000 does not support the conclusion that the amount in controversy exceeds $75,000.

Defendant also cannot establish the amount in controversy by relying on the Complaint because the Complaint is silent on damages and lacks information concerning the extent of Plaintiff's injuries. *See,* Compl., ¶¶ 22, 24, 26. Such boilerplate pleadings do not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction. *See*, *Noguera v. Bedard*, 2011 WL 5117598, at *3 (E.D.N.Y. Oct. 26, 2011) (remanding personal injury action where neither the complaint nor the notice of removal "particularize[d] or amplifie[d] in any way the extent of plaintiff's injuries or damages.").

Significantly, Defendant was not without recourse to determine the amount of damages sought by Plaintiff. Pursuant to N.Y.C.P.L.R. § 3017(c), a defendant "may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled" and, if the "supplemental demand is not served within fifteen days, the court, on motion, may order that it be served." *Id.* Even assuming Defendant's Demand was made pursuant to § 3017(c), rather than prematurely removing the action after Plaintiff refused to cap damages, Defendant could and should have availed itself of the remedy provided in C.P.L.R. § 3017(c), by moving before the state court for an order directing Plaintiff to respond to a demand for total damages. *See, O'Neill v. Target Corp.*, 2021 WL 2634880, at *3 (E.D.N.Y. June 25, 2021) (collecting cases).

Based on the foregoing analysis, the Court finds that Defendant has failed to establish that the amount in controversy meets or exceeds the jurisdictional requirement.

4

## II.     Diversity of Citizenship Requirement

The Court also is not satisfied that Defendant adequately alleged diversity between the parties either.  Diversity jurisdiction is invoked only when there is complete diversity of citizenship between the parties such that each defendant is a citizen of a different state than each plaintiff.  *See*, *Owen Equip. and Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).  "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  The principal place of business is its "nerve center," where "a corporation's officers direct, control, and coordinate the corporation's activities."  *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 218 (2d Cir. 2016) (quotation omitted).

Here, the Notice is silent concerning Defendant's principal place of business.  *See*, Notice ¶¶ 8-9.  As such, the allegations are insufficient for the Court to determine if there is complete diversity of citizenship.

## **CONCLUSION**

For the reasons set forth above, this case is remanded for lack of subject matter jurisdiction to New York State Supreme Court, Richmond County, under Index No. 150304/2022, for further proceedings.

SO ORDERED.

Dated: Brooklyn, New York
       March 1, 2023

/s/
DORA L. IRIZARRY
United States District Judge